Matter of Victor R. C. O. v Canales (2019 NY Slip Op 03789)





Matter of Victor R. C. O. v Canales


2019 NY Slip Op 03789


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-13451
 (Docket No. G-2840-18)

[*1]In the Matter of Victor R. C. O. (Anonymous), appellant;
v
Juan Angel Canales, et al., respondents.


Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Eliza M. Scheibel and Joseph Francoeur of counsel), and Safe Passage Project, New York, NY (Stephanie Gibbs of counsel), for appellant (one brief filed).



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated August 30, 2018. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the motion of the subject child for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the child with one or both of his parents is not viable due to parental neglect and that it would not be in the best interests of the child to return to Honduras, his previous country of nationality and last habitual residence.
In March 2018, Victor R. C. O. (hereinafter the child) commenced this proceeding pursuant to Family Court Act article 6 to have his brother appointed as his guardian for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. In an order dated August 15, 2018, the Family Court granted the guardianship petition. In an order dated August 30, 2018, made after a hearing, the court found that the child was under 21 years of age, unmarried, and dependent on the court, but denied the child's motion on the ground that he failed to establish that reunification with one or both of his parents was not viable due to parental abandonment, neglect, or abuse. The child appeals from that order.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed [*2]by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both of the child's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
"This Court's power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so" (Matter of Denia M.E.C. v Carlos R.M.O., 161 AD3d 853, 855). Based upon our independent factual review, we conclude that the record supports a finding that reunification of the child with one or both of his parents is not a viable option based upon parental neglect (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1052). The record reflects that the child's parents did not provide him with adequate supervision or medical care, and that they failed to meet the child's educational needs. Furthermore, the record also supports a finding that it would not be in the best interests of the child to return to Honduras, his previous country of nationality or country of last habitual residence. The child indicated that he was assaulted by gang members in Honduras on multiple occasions, once leaving him with a broken rib and a scar on his head, and that he had witnessed a drive-by shooting at his school which resulted in the death of his schoolmate. In addition, the child stated that the gang members tried to recruit him, but he refused to join, and that the gang members were "killing people if they didn't want to join." The child stated that he "felt scared all the time and could no longer live a normal life," and that he "basically stayed inside [his] house all the time" out of fear that he "was going to be attacked again" (see Matter of Rina M.G.C. [Oscar L.G.—Ana M.C.H.], 169 AD3d 1031, 1033; Matter of Lucas F.V. [Jose N.F.], 169 AD3d 802, 804; Matter of Grechel L.J., 167 AD3d 1011, 1013-1014).
Accordingly, the Family Court should have granted the child's motion for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable him to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with one or both of his parents is not viable due to parental neglect, and that it would not be in the best interests of the child to return to Honduras.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court