Matter of Tzu Y.W. (Yating W.) (2024 NY Slip Op 03434)

Matter of Tzu Y.W. (Yating W.)

2024 NY Slip Op 03434

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-08526
 (Docket No. G-4536-22)

[*1]In the Matter of Tzu Y. W. (Anonymous). Yating W. (Anonymous), appellant; Chia-Chi W. (Anonymous), et al., respondents.

Kopchian Law, New York, NY (Adam S. Kopchian of counsel), for appellant.
Lulu Wu, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated August 4, 2023. The order, insofar as appealed from, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2022, the petitioner commenced this proceeding pursuant to Family Court Act article 6 seeking to be appointed guardian of the subject child, her niece, who arrived in the United States from Taiwan in 2018 on an F-1 student visa. The petitioner subsequently moved for the issuance of an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with her parents is not viable due to abuse, neglect, and/or abandonment, and that it would not be in her best interests to be returned to Taiwan, her previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizen and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated August 4, 2023, the Family Court, after a hearing, granted the petitioner's guardianship petition but denied her motion for the issuance of an order, inter alia, making the findings required so as to enable the child to petition for SIJS. The petitioner appeals.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-147, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "'Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both [*2]of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 753, quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620).
Here, contrary to the petitioner's contention, the record does not support a finding that the child's reunification with her parents is not viable due to parental abandonment or neglect, or that it would not be in the child's interests to be returned to her previous country of nationality and last habitual residence (see Matter of Ofelia del C.D.F., v Felicia F.M., 167 AD3d 879; Matter of Karnail S. v Malkit K., 163 AD3d 581; cf. Matter of Eddy A.P.C. [Maria G.C.S.], 226 AD3d 1005).
Accordingly, the Family Court properly denied the petitioner's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court