Matter of Euceda v Romero (2024 NY Slip Op 06041)

Matter of Euceda v Romero

2024 NY Slip Op 06041

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00536
2024-00539
 (Docket No. G-6026-23)

[*1]In the Matter of Kenia M. Rodriguez Euceda, appellant, 
v
Dora M. Romero, et al., respondents.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from two orders of the Family Court, Nassau County (Joy M. Watson, J.), both dated December 19, 2023. The first order, after a hearing, denied the petition for guardianship of the subject child and dismissed the proceeding. The second order denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the facts, without costs or disbursements, the guardianship petition is granted, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with his mother is not viable due to parental abandonment and neglect and that it would not be in the best interest of the subject child to return to Honduras, his previous country of nationality and last habitual residence, as there is no one to care for him or support him in that country.
In June 2022, the petitioner filed a petition pursuant to Family Court Act article 6, seeking to be appointed guardian of the subject child, her nephew. The petitioner also moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS). In two orders, both dated December 19, 2023, the Family Court, respectively, after a hearing, denied the petition and dismissed the proceeding and denied the motion. The petitioner appeals.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victim Protection Reauthorization Act of 2008, Pub L 110-147, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "'Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence'" (id., quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see 8 USC § 1101[a][27][J]).
"When considering guardianship appointments, the infant's best interests is paramount" (Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d 1167, 1168-1169 [citations, alteration, and internal quotation marks omitted]; see Family Ct Act § 661[a]; SCPA 1707[1]).
Here, based upon our independent review of the record, the Family Court should have granted the guardianship petition and the motion for the issuance of specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for SIJS pursuant to 8 USC § 1101(a)(27)(J). Under the circumstances of this case, neither the guardianship petition nor the motion for the issuance of specific findings was contingent upon the child's relationship with his father or the father's ability to provide for the child.
Rather, the petitioner established that it would be in the child's best interest to appoint her as the child's guardian, despite the father remaining an active part of the child's life (see Matter of Jose S.S.G. [Elmer W.G.G.—Norma C.G.C.], 217 AD3d 864, 866; Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d at 1170). The record also supports a finding that reunification of the child with his mother is not viable due to the mother's abandonment of the child. The record reflects that the mother lives in Honduras, has not supported or seen the child since October 2021, and has no plans to do so in the future (see Matter of Eddy A.P.C [Maria G.C.S.], 226 AD3d 1005, 1006; Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d at 1170). Further, the record supports the finding that it would not be in the best interests of the child to return to Honduras, his previous country of nationality and country of last habitual residence, as there is no one to care for him or support him in that country (see Matter of Eddy A.P.C. [Maria G.C.S.], 226 AD3d at 1006).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court