Matter of Nery F.Z.V. (Ezequiel Z.G.) (2024 NY Slip Op 06349)

Matter of Nery F.Z.V. (Ezequiel Z.G.)

2024 NY Slip Op 06349

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04831
 (Docket No. G-1657-22)

[*1]In the Matter of Nery F. Z.. (Anonymous), appellant. Ezequiel Z. G. (Anonymous), petitioner; Maria E. V. M. (Anonymous), respondent.

Geoffrey E. Chanin, Goshen, NY, attorney for the child, the appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated May 2, 2024. The order denied the subject child's renewed motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
In April 2022, the petitioner, the subject child's father, filed a petition pursuant to Family Court Act article 6, seeking to be appointed guardian of the child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The Family Court subsequently granted the petition and, after a hearing, declined to issue an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Thereafter, in an order dated May 2, 2024, the court denied the child's renewed motion for the issuance of an order, inter alia, making the requisite specific findings. The child appeals.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795; see Matter of Isidro M.C. v Teodolinda G.D.M., 163 AD3d 556, 557). "'Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 753, quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see 8 USC § 1101[a][27][J]; 8 CFR 204.11).
Here, the Family Court properly denied the child's renewed motion. The child's [*2]submissions failed to show how the new facts offered in support of his renewed motion would change the Family Court's prior determination that the record does not support a finding that reunification with the child's mother in Guatemala was not viable due to parental abuse, neglect, abandonment, or a similar basis under state law (see CPLR 2221[e][2]; Matter of Leslie J.D. [Maria A.A.G.—Silvia D.], 167 AD3d 1004; Matter of Isidro M.C. v Teodolinda G.D.M., 163 AD3d at 557; cf. Matter of Victor R.C.O. [Canales], 172 AD3d 1071, 1072-1073; Matter of Nelson A.G.-L. [Maria Y.G.S.], 157 AD3d 789).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court