Matter of Ramiro A.L.P. (Gilberto A.L.P.--Hermogenes L.)
2026 NY Slip Op 03677
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ramiro A. L. P. (Anonymous), appellant.
v
Gilberto A. L. P. (Anonymous), petitioner; Hermogenes L. (Anonymous), et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-11738, (Docket No. G-2003-23)
Angela G. Iannacci, J.P.
Helen Voutsinas
Donna-Marie E. Golia
Susan Quirk, JJ.

Gary E. Eisenberg, New City, NY, for appellant.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated October 29, 2024. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with one or both of his parents is not viable due to parental abandonment and that it would not be in the best interests of the subject child to return to Guatemala, his previous country of nationality and last habitual residence.
In April 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child, the petitioner's younger brother. Thereafter, the petitioner moved for an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). After a hearing, in an order dated October 29, 2024, the Family Court denied the motion. The child appeals.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-147, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Tzu Y.W. [Yating W.—Chia-Chi W.], 228 AD3d 875, 876 [internal quotation marks omitted], quoting Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753; see Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "'Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence'" (Matter of Briceyda [*2]M.A.X. [Hugo R.A.O.], 190 AD3d at 753, quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
"'In reviewing a court's determination of a motion for specific findings, [t]his Court's power to review the evidence is as broad as that of the hearing court, and where . . . the record is sufficiently complete to make our own factual determinations, we may do so'" (Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d 1126, 1127 [internal quotation marks omitted], quoting Matter of Claudio D.A.I. [Segundo A.—Maria D.I.L.], 225 AD3d 688, 689). Here, based on our independent factual review, the record supports a finding that reunification of the child with his parents is not viable due to parental abandonment (see id.; Matter of Euceda v Romero, 233 AD3d 680, 682). Further, the record supports a finding that it would not be in the best interests of the child to return to Guatemala, his previous country of nationality and country of last habitual residence (see Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d at 1127).
Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition USCIS for SIJS.
IANNACCI, J.P., VOUTSINAS, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court