■ In the Matter of DONNA G. STEWARD, Respondent, v CLIFFORD A. STEWARD, Appellant. [807 NYS2d 313]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Spinner, J.), dated August 2, 2004, which upon, in effect, confirming a determination of the same court (Orlando, S.M.) dated July 12, 2004, finding, after a hearing, that he willfully failed to obey the child support provisions contained in the parties' amended judgment of divorce dated August 11, 1999, and committed him to a period of incarceration of 90 days unless he purged himself of his contempt by paying the sum of $2,375.

Ordered that the appeal from so much of the order as committed the father to a period of incarceration of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In August 1999 the father was ordered to pay support for his son. During a hearing pursuant to a violation petition, the evidence revealed that the father had failed to make support payments since July 23, 2003. Proof of the father's failure to pay support as ordered constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]) and shifted the burden to him to come forward with competent, credible evidence of his inability to make the support payments (see *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]).

Although the father correctly contends that the Support Magistrate's findings of fact, which were confirmed by the Family Court, contained certain errors in its recounting of testimony, we find, upon our independent factual review of the complete record (*see Matter of Allen v Black*, 275 AD2d 207, 209 [2000]), that the father failed to carry his burden of responding adequately to the mother's prima facie showing (*see Matter of Powers v Powers, supra*).

The father's remaining contentions are without merit. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.