■ In the Matter of TRUDY-ANN W., Appellant, v JOAN W. et al., Respondents. [901 NYS2d 296]—

In a proceeding pursuant to Family Court Act article 6 for the appointment of the maternal aunt of the petitioner, a person under 21 years of age, as her guardian, the petitioner, Trudy-Ann W., appeals from (1) an order of the Family Court, Kings County (Kennedy, J.), dated March 4, 2010, which, after a hearing, denied the petition and dismissed the proceeding, and (2) an order of the same court, also dated March 4, 2010, which, after a hearing, denied her motion for the issuance of an order declaring that she is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in her best interest to be returned to her previous country of nationality or last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, the petition and the motion are granted, Alcie S., the maternal aunt of Trudy-Ann W., is appointed as the guardian of Trudy-Ann W., it is declared that Trudy-Ann W. is dependent on the Family Court, and it is found that Trudy-Ann W. is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abuse, neglect, and abandonment, and that it would not be in the best interest of Trudy-Ann W. to return to Jamaica, West Indies, her previous country of nationality and last habitual residence.

Trudy-Ann W., a native of Jamaica, West Indies, is 20 years old, unmarried, and has lived in the United States with her maternal aunt, Alcie S., since 2007. Trudy-Ann's father, whose whereabouts are unknown, abandoned her at birth, while her mother, who continues to reside in Jamaica, neglected and abused her by inflicting excessive corporal punishment and failing to supply her with adequate food and supervision. Trudy-Ann left her mother's home at age 16. There is uncontroverted evidence that, since 2007, Alcie S. has provided Trudy-Ann with a loving home, financial and emotional support, and the ability to pursue educational goals.

Previously, Family Court Act § 661 was deemed applicable only to individuals under 18 years of age (*see Matter of Vanessa D.*, 51 AD3d 790 [2008]; *Matter of Luis A.-S.*, 33 AD3d 793 [2006]). Pursuant to a 2008 amendment, however, Family Court Act § 661 (a) now explicitly authorizes the appointment of a guardian for a person "who is less than twenty-one years old who consents to the appointment or continuation of a guardian after the age of eighteen." Accordingly, in January 2010, Trudy-Ann sought the appointment of Alcie S. as her guardian. Both Alcie S. and Trudy-Ann's mother consented to the appointment. In an order dated March 4, 2010, the Family Court nevertheless denied the petition and dismissed the proceeding on the ground that Trudy-Ann had failed to establish a basis for the relief requested. In a separate order, also dated March 4, 2010, the Family Court denied Trudy-Ann's motion for the issuance of an order making a declaration and specific findings that would enable her to apply to the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). We reverse both orders.

Under the circumstances of this case, we find that the Family Court's determination of the guardianship petition lacked a sound and substantial basis in the record (*see Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]; *cf. Matter of Pleasant Edward G.*, 299 AD2d 358, 358-359 [2002]). Since Trudy-Ann is under 21 years of age, she is an infant for purposes of this guardianship proceeding (*see* Family Ct Act § 661 [a]). When considering guardianship appointments, the infant's best interest is paramount (*see* SCPA 1707 [1]; *Matter of Stuart*, 280 NY 245, 250 [1939]; *Matter of Amrhein v Signorelli*, 153 AD2d 28, 31 [1989]; *see also Matter of Tiffany Nicole L.*, 287 AD2d 717, 718 [2001]). The order denying the guardianship petition and dismissing the proceeding, however, is devoid of any references to Trudy-Ann's best interest.

This Court's power to review the evidence is as broad as that of the hearing court, bearing in mind that in a close case, the factfinder had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Further, where, as here, the "record is sufficiently complete for us to make our own factual determinations" (*Matter of Lillian R.*, 196 AD2d 503, 504 [1993]), we may do so. Based upon our "independent factual review of the complete record" (*Matter of Steward v Steward*, 25 AD3d 714, 715 [2006]; *see Matter of Allen v Black*, 275 AD2d 207, 209 [2000]), which includes, inter alia, two hearing transcripts and an affidavit from Trudy-Ann, it is evident that her best interest would be served by the appointment of Alcie S. as her guardian (*see Matter of Stuart*, 280 NY at 247; *cf. Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). Accordingly, we appoint Alcie S. as the guardian of Trudy-Ann.

The Family Court also improperly denied Trudy-Ann's motion for the issuance of an order making a declaration and specific findings that would allow her to apply to the USCIS for special immigrant juvenile status—a gateway to lawful permanent residency in the United States. Specifically, the Family Court incorrectly found that Trudy-Ann had not established dependency on the Family Court, had not established that she was abused, neglected, or abandoned, and had not established that it would not be in her best interest to be returned to Jamaica. Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of E.G.*, 24 Misc 3d 1238[A], 2009 NY Slip Op 51797[U] [2009] [Fam Ct, Nassau County 2009]), and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]).

The "appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court" for special immigrant juvenile status purposes (*Matter of Antowa McD.*, 50

AD3d 507 [2008]). Since we have appointed Alcie S. as Trudy-Ann's guardian, Trudy-Ann is dependent on a juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i). Based on our factual review, we find that the record fully supports Trudy-Ann's contention that her father abandoned her and her mother abused and neglected her and that, as a result, reunification with either parent is not a viable option (*see Matter of Antowa McD.*, 50 AD3d at 507). Lastly, the record reflects that, in Jamaica, Trudy-Ann would have nowhere to live, and no means of supporting herself. Accordingly, it is clearly in Trudy-Ann's best interest to continue living with her aunt in the United States (*id.*). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.