■ In the Matter of ALAMGIR A., Appellant. [917 NYS2d 309]—

In a guardianship proceeding pursuant to Family Court Act article 6, the subject child, Alamgir A., appeals from an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated March 8, 2010, which, after a hearing, denied his motion for an order making findings that he is dependent on the Family Court, that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and denied the petition of Mohammed Uddin for appointment as the guardian of the subject child.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion and the petition are granted, it is found that Alamgir A. is dependent on the Family

Court, and it is found that Alamgir A. is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect and abandonment, and that it would not be in the best interests of Alamgir A. to return to Bangladesh, his previous country of nationality or last habitual residence, and the matter is remitted to the Family Court, Queens County, for the entry of an appropriate order appointing Mohammed Uddin as the guardian of the subject child.

Alamgir A., a native of Bangladesh, is 20 years old, unmarried, and has lived in the United States with nonrelatives since age 12. He states in an affidavit that when he was in Bangladesh, his parents inflicted excessive corporal punishment upon him and failed to provide him with adequate supervision. Alamgir's parents remain in Bangladesh, and have not communicated with Alamgir in more than seven years.

Alamgir moved from Florida to New York in December 2008, and has lived in Queens with Mohammed Uddin and Uddin's family since March 2009. There is uncontroverted evidence that, since 2009, Uddin has provided Alamgir with a loving home, financial and emotional support, and the ability to pursue educational goals.

Uddin filed a petition dated July 15, 2009, seeking appointment as Alamgir's guardian. Alamgir submitted an affidavit consenting to the appointment and asking for the same relief. Several months later, Alamgir moved for an order making findings that would enable him to apply to the United States Citizenship and Immigration Services (hereinafter the USCIS) for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). Both the petition and the motion were unopposed.

In an order dated March 8, 2010, the Family Court denied the motion and the petition, opining that Florida was the proper venue for any guardianship issues, and that Uddin and Alamgir had engaged in forum shopping. It further stated, without analysis, that Uddin had failed to demonstrate extraordinary circumstances justifying a guardianship appointment. We reverse.

Turning to the merits, when considering guardianship appointments, the infant's best interests is paramount (see SCPA 1707 [1]; Matter of Stuart, 280 NY 245, 250 [1939]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 794 [2010]; Matter of Amrhein v Signorelli, 153 AD2d 28, 31 [1989]). The order appealed from, however, is devoid of any references to Alamgir's best interests.

"This Court's power to review the evidence is as broad as that of the hearing court, bearing in mind that in a close case, the factfinder had the advantage of seeing and hearing the wit-

nesses. Further, where, as here, the record is sufficiently complete for us to make our own factual determinations, we may do so" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795 [internal quotation marks and citations omitted]). Based upon our "independent factual review of the complete record" (*Matter of Steward v Steward*, 25 AD3d 714, 715 [2006]; *see Matter of Allen v Black*, 275 AD2d 207, 209 [2000]), which includes, inter alia, two hearing transcripts and an affidavit from Alamgir, it is evident that Alamgir's best interests would be served by the appointment of Uddin as his guardian (*see Matter of Stuart*, 280 NY at 250; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795; *cf. Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). Accordingly, Mohammed Uddin should be appointed as Alamgir's guardian.

The Family Court also improperly denied Alamgir's motion for an order making findings that would allow him to apply to the USCIS for special immigrant juvenile status—a gateway to lawful permanent residency in the United States. Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

As earlier noted, Alamgir is under the age of 21 and unmarried. "The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for special immigrant juvenile status purposes" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795 [internal quotation marks omitted]; *see Matter of Antowa McD.*, 50 AD3d 507 [2008]). Since we have appointed Uddin as Alamgir's guardian, Alamgir is dependent on a juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i). Based on our factual review, we find that the record fully supports Alamgir's contention that his parents neglected and then abandoned him, and that, as a result, reunification with ei-

ther parent is not a viable option (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796; *Matter of Antowa McD.*, 50 AD3d at 507). Lastly, the record reflects that in Bangladesh, Alamgir would have nowhere to live, and no means of supporting himself. Accordingly, it is clearly in Alamgir's best interests to continue living with Uddin in the United States (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796; *Matter of Antowa McD.*, 50 AD3d at 507). Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.