In the Matter of Axel S.D.C., Appellant, v Elena A.C., et al., Respondents. [32 NYS3d 295]—

Appeals from two orders of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), both dated April 28, 2016. The orders, after a hearing, denied the motion of the subject child for the issuance of an order, inter alia, making special findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the petition to appoint Daniel J.K. as his guardian.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, the petition to appoint Daniel J.K. as the guardian of the subject child is reinstated and granted, Daniel J.K. is appointed as the guardian of the child, the child's motion for the issuance of an order, inter alia, making special findings so as to enable him to petition the United States Citizenship and Immigration Services for special

immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, it is declared that the child is dependent on a juvenile court, and it is found that the child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental neglect, and that it would not be in the child's best interests to return to El Salvador, his previous country of nationality and last habitual residence.

In March 2015, the subject child, Axel S.D.C., filed a petition pursuant to Family Court Act article 6 to appoint Daniel J.K. as his guardian, for the purpose of obtaining an order, inter alia, making special findings that he is unmarried and under 21 years of age, that reunification with his father is not viable due to parental neglect, abandonment, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and special findings so as to enable him to petition for SIJS. In two orders dated April 28, 2016, the Family Court denied the child's motion and dismissed the guardianship petition.

Under the circumstances of this case, the Family Court improperly dismissed the guardianship petition. Since the child is under 21 years of age, he is an infant for purposes of this guardianship proceeding (see Family Ct Act § 661 [a]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 794 [2010]). When considering guardianship appointments, the infant's best interests are paramount (see SCPA 1707 [1]; Matter of Alamgir A., 81 AD3d 937, 938 [2011]; Matter of Stuart, 280 NY 245, 250 [1939]). Based upon our independent factual review, we find that the child's best interests would be served by the appointment of Daniel J.K. as his guardian (see Matter of Marisol N.H., 115 AD3d 185, 191 [2014]; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689 [2014]; Matter of Alamgir A., 81 AD3d at 938; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 794).

Further, the Family Court should have granted the child's motion for the issuance of an order making the requisite declaration and special findings so as to enable him to petition for SIJS. Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is an undocumented

resident who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795 [citations omitted]).

Here, the child is under the age of 21 and unmarried, and since we have appointed Daniel J.K. as the child's guardian, the child is dependent on a juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.]*, 114 AD3d at 689; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796). We further find that the record fully supports the child's contention that his reunification with the father is not a viable option due to parental neglect (*see Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840 [2015]; *see also Matter of Kayla F. [Kevin F.]*, 130 AD3d 724, 725-726 [2015]). Lastly, the record reflects that it would not be in the child's best interests to be returned to El Salvador.

Accordingly, the Family Court should have granted the guardianship petition and the child's motion for the issuance of an order making the requisite declaration and special findings so as to enable him to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we grant the child's motion, declare that the child is dependent on the Family Court, and find that the child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental neglect, and that it would not be in his best interests to return to El Salvador. Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.