■ In the Matter of ALONSO R.L.V. BERLIN J.V.Y., Appellant; MISAEL L.V., Respondent. [46 NYS3d 912]—

Appeal by the mother from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated September 29, 2016. The order denied the mother's motion to dispense with service of the petition on the father.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

In February 2016, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed as guardian for Alonso R.L.V. (hereinafter the child), for the purpose of obtaining an order making the requisite declaration and specific findings to enable the child to petition the United

States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved to dispense with service of the petition on the father. In an order dated September 29, 2016, the Family Court denied the motion.

Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her motion to dispense with service of the petition on the father. Family Court Act § 661 (a) provides that "[w]hen making a determination regarding the guardianship of the person of a minor or infant, the provisions of the surrogate's court procedure act [hereinafter SCPA] shall apply to the extent they are applicable to guardianship of the person of a minor or infant and do not conflict with the specific provisions of this act." Pursuant to SCPA 1705, "[u]pon presentation of the petition process shall issue . . . [t]o the parents . . . if such persons are within the state and their residences therein are known" (SCPA 1705 [1]). Since the father lives outside the state, service of the petition on him is not statutorily required. Nevertheless, the Family Court possesses discretion to issue process to any relative "domiciled in its county *or elsewhere*" (SCPA 1705 [3] [emphasis added]). The mother's remaining contentions are without merit. Under the circumstances presented, the Family Court appropriately exercised its discretion in denying the mother's motion to dispense with service of the petition on the father. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.