Matter of Mardin A. M.-I. (Reyna E. M.-I.--Mardin H.) (2020 NY Slip Op 05754)





Matter of Mardin A. M.-I. (Reyna E. M.-I.--Mardin H.)


2020 NY Slip Op 05754


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-03241
2019-03248
 (Docket Nos. G-5839-18, Z-5840-18)

[*1]In the Matter of Mardin A. M.-I. (Anonymous). Reyna E. M.-I. (Anonymous), appellant; Mardin H., respondent.


Jessica Lazo, New York, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated February 25, 2019, and (2) an order of the same court also dated February 25, 2019. The first order, without a hearing, dismissed the petition to appoint the mother as guardian of the child Mardin A. M.-I. The second order, without a hearing, in effect, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law and the facts, without costs or disbursements, the petition to appoint the mother as the guardian of the subject child is reinstated and granted, the mother is appointed as the guardian of the subject child, the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, it is declared that the subject child is dependent on a juvenile court, and it is found that the subject child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abandonment, and that it would not be in the subject child's best interests to be returned to Guatemala, his previous country of nationality and last habitual residence.
In December 2018, Mardin A. M.-I. (hereinafter the subject child) filed a petition pursuant to Family Court Act article 6 to have his mother appointed as his guardian for the purpose of obtaining an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings so as to enable the subject child to petition for SIJS. In two orders, both dated February 25, 2019, the Family Court dismissed the guardianship petition and, in effect, denied the mother's motion as premature on the ground that the paternity of the putative father had not been established. The mother appeals from the orders.
The Family Court should not have dismissed the guardianship petition on the ground that paternity had not been established. A natural parent may be appointed guardian of his or her [*2]own child (see Family Ct Act § 661 [a]; Matter of Marisol N.H., 115 AD3d 185, 190), and the mere fact that paternity has not been established for the putative father does not preclude the guardianship petition or the issuance of an order making specific findings enabling the subject child to petition for SIJS (see Matter of Linares-Mendez v Cazanga-Payes, 183 AD3d 738, 739; Matter of Olga L.G.M. [Santos T.F.], 164 AD3d 1341, 1342; Matter of Jimenez v Perez, 144 AD3d 1036, 1037).
Furthermore, the Family Court should have granted the petition to appoint the mother as guardian for the subject child until he reaches the age of 21, which is in the child's best interests, the paramount concern in a guardianship proceeding (see SCPA 1707 [1]; Matter of Silvia N.P.L. v Jorge M.N.P., 141 AD3d 654, 655).
Additionally, the Family Court should have granted the mother's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for SIJS. Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, among other things, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, the subject child is under the age of 21 and unmarried, and since we have found that the mother should have been appointed as the subject child's guardian, a finding also should have been made that the child is dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 688-689; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795-796). Further, based upon our independent factual review, the record supports a finding that reunification of the subject child with his father is not a viable option due to parental abandonment (see Matter of Rina M.G.C. [Oscar L.G.—Ana M.C.H.], 169 AD3d 1031, 1033; Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690, 692; Matter of Haide L.G.M. v Santo D.S.M., 130 AD3d 734, 736; Matter of Diaz v Munoz, 118 AD3d 989). Lastly, the record supports a finding that it would not be in the best interests of the subject child to return to Guatemala, the subject child's previous country of nationality or country of last habitual residence (see Matter of Varinder S. v Satwinder S., 147 AD3d 854, 856; Matter of Luis R. v Maria Elena G., 120 AD3d 581, 583; Matter of Alamgir A., 81 AD3d 937, 940).
Accordingly, the Family Court should have granted the guardianship petition and the mother's motion for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable the subject child to petition for SIJS.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court