Matter of Jose E. S. G. (2021 NY Slip Op 02294)





Matter of Jose E. S. G.


2021 NY Slip Op 02294


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2021-02408
 (Docket No. G-6152-19)

[*1]In the Mattter of Jose E. S. G. (Anonymous). Felix Mejia, appellant; Maria Estela Salguero, et al., respondents.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Lisa A. Cairo, J.), dated March 23, 2021. The order, after a hearing, dismissed the guardianship petition and denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petition to appoint the petitioner as the guardian of the subject child is reinstated and granted, the petitioner is appointed as the guardian of the subject child, an order of the same court dated March 24, 2021, is vacated, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, it is declared that the subject child is dependent on a juvenile court, and it is found that the subject child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abandonment, and that it would not be in the subject child's best interests to return to El Salvador, his previous country of nationality and last habitual residence.
In 2019, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed the guardian of Jose E. S. G. (hereinafter the subject child). Thereafter, the petitioner moved for the issuance of an order declaring that the subject child is dependent on the Family Court and making specific findings that the subject child is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated March 23, 2021, the Family Court denied the motion and dismissed the guardianship petition.
"[W]hen considering guardianship appointments, the infant's best interests is paramount" (Matter of Alamgir A., 81 AD3d 937, 938; see SCPA 1707[1]; Matter of Grechel L.J., 167 AD3d 1011, 1012; Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1051; Matter of [*2]Trudy-Ann W. v Joan W., 73 AD3d 793, 794). Upon our independent factual review of the record, we find that the subject child's best interests would be served by the appointment of the petitioner as his guardian (see Matter of Grechel L.J., 167 AD3d at 1012; Matter of Axel S.D.C. v Elena A.C., 139 AD3d at 1051; Matter of Alamgir A., 81 AD3d at 938).
Further, the Family Court should have granted the petitioner's motion for the issuance of an order making the requisite specific findings so as to enable the subject child to petition for SIJS. "Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence" (Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [citations omitted]; see 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
Here, the subject child is under the age of 21 and unmarried, and since we have appointed the petitioner as the subject child's guardian, the subject child is dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Grechel L.J., 167 AD3d at 1013; Matter of Axel S.D.C. v Elena A.C., 139 AD3d at 1052; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796). Further, based upon our independent factual review, the record supports a finding that reunification of the subject child with his father is not a viable option due to parental abandonment (see Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752; Matter of Mardin A.M.-I. [Reyna E.M.-Mardin H.], 187 AD3d 913; Matter of Rina M.G.C. [Oscar L.G.-Ana M.C.H.], 169 AD3d 1031, 1033). Lastly, the record reflects that it would not be in the subject child's best interests to be returned to El Salvador, his previous country of nationality or country of last habitual residence (see Matter of Palwinder K. v Kuldeep K., 148 AD3d 1149, 1151; Matter of Mohamed B., 83 AD3d 829, 832; Matter of Alamgir A., 81 AD3d at 940; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796).
Accordingly, the Family Court should have granted the guardianship petition and the motion for the issuance of an order, inter alia, making the requisite declaration and specific findings so as to enable the subject child to petition for SIJS.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court