Matter of Elena G.R. v Oscar D.V.H. (2023 NY Slip Op 00092)

Matter of Elena G.R. v Oscar D.V.H.

2023 NY Slip Op 00092

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-04765
 (Docket No. G-7950-21)

[*1]In the Matter of Elena G.R. (Anonymous), appellant,
v
Oscar D..H. (Anonymous), respondent.

Bruno Joseph Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Darlene D. Harris, J.), dated June 3, 2022. The order, insofar as appealed from, dismissed the petition to appoint the petitioner as the guardian of the subject child, and denied the petitioner's motion for the issuance of an order making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order making specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the petitioner moved for the issuance of an order making the requisite specific findings so as to enable the child to petition for SIJS. By order dated June 3, 2022, the Family Court, inter alia, dismissed the guardianship petition and denied the petitioner's motion. The court determined that the child was married and therefore did not qualify for SIJS.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, among other things, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101[a] [27][J][ii]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, although the child is under 21 years of age, she was married on December 4, 2021, and therefore, did not meet the criteria for SIJS (see 8 CFR 204.11[b][2]; Matter of Marisol N.H., 115 AD3d 185, 189). Accordingly, the Family Court properly denied the petitioner's motion [*2]for the issuance of an order making specific findings so as to enable the child to petition for SIJS, and dismissed the guardianship petition (see Matter of Dimas A. v Esmirna E.L., 142 AD3d 1164, 1165).
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court