Matter of Joel A. A. R. (Eddy A. A. G.) (2023 NY Slip Op 02881)

Matter of Joel A. A. R. (Eddy A. A. G.)

2023 NY Slip Op 02881

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2022-09152
2022-09153
2022-09154
 (Docket No. G-3353-22)

[*1]In the Matter of Joel A. A. R. (Anonymous). Sara I. R. T. (Anonymous), appellant; Eddy A. A. G. (Anonymous), respondent.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from three orders of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), all dated October 24, 2022. The first order dismissed, without a hearing, the petition to appoint the mother as guardian of the subject child. The second order denied the mother's motion to dispense with service on the father. The third order denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the petition to appoint the mother as guardian of the subject child is reinstated and granted, the mother is appointed as the guardian of the subject child, the mother's motion to dispense with service on the father is granted, the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, it is declared that the subject child is dependent on a juvenile court, and it is found that the subject child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abandonment, and that it would not be in his best interests to be returned to Honduras, his previous country of nationality and last habitual residence.
In 2022, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed as the guardian of the subject child, who allegedly was born in 2003 in Honduras. Thereafter, the mother moved to dispense with service upon the father, who allegedly was in Honduras. She also moved for the issuance of an order declaring that the child was dependent on the Family Court and making specific findings that the child is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable, and that it would not be in his best interests to be returned to Honduras, his previous country of nationality and his last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigration juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In three orders, all dated October 24, 2022, the court dismissed the petition and [*2]denied the mother's motions. The mother appeals.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, among other things, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court (see Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Elena G.R. v Oscar D.V.H., 212 AD3d 628, 628; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795), and that it would not be in the juvenile's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Family Court Act § 661(a) permits the Family Court to appoint a guardian for a youth between the ages of 18 and 21 in order to establish that the youth is "dependent on a juvenile court" (8 USC § 1101[a][27][J][i]) for purposes of an application for SIJS (see Matter of Sing W.C. [Sing Y.C.—Wai M.C.], 83 AD3d 84, 87). The provisions of the Surrogate's Court Procedure Act (hereinafter SCPA) apply to the extent they are applicable to guardianship of the person of a minor or infant and do not conflict with the provisions of the Family Court Act (see Family Ct Act § 661[a]; Matter of Alonso R.L.V. [Berlin J.V.Y.—Misael L.V.], 147 AD3d 1070, 1071). "[W]hen considering guardianship appointments, the infant's best interests is paramount" (Matter of Alamgir A., 81 AD3d 937, 938; see SCPA 1707[1]; Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d 856, 857).
Nevertheless, "significantly, the findings by the state juvenile court do not bestow any immigration status on SIJS applicants" (Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 113 [internal quotation marks omitted]). Ultimately, the Secretary of the Department of Homeland Security determines whether the applicant meets the requirements for SIJS under federal law, and the decision whether to grant SIJS is discretionary (see 8 USC § 1101[a][27][J][iii]; Matter of Marisol N.H., 115 AD3d 185, 189; Matter of Marcelina M.-G. v Israel S., 112 AD3d at 114). Thus, by making the preliminary factual findings, the juvenile court is not rendering an immigration determination (see Matter of Marcelina M.-G. v Israel S., 112 AD3d at 109).
Contrary to the Family Court's determination, there is no express requirement to submit certified copies of birth certificates in a proceeding such as this pursuant to Family Court Act § 661(a) (but see Matter of Zaim R., 13 Misc 3d 180, 184 [Fam Ct, Orange County], appeal dismissed 43 AD3d 824; see generally Matter of Rosa Amanda L.R. v Carlos Arnoldo O.R., 189 AD3d 1250). Although an application to USCIS for SIJS must be supported by "[d]ocumentary evidence of the [applicant's] age, in the form of a valid birth certificate, official government-issued identification, or other document that in USCIS' discretion establishes the [applicant's] age" (8 CFR 204.11[d][2]), in proceedings pursuant to Family Court Act § 661(a), the Family Court is only required to ascertain the juvenile's age, and there is no statutory requirement that a petitioner submit any particular evidence to establish the juvenile's age (see id.; SCPA 1706[1]). Here, for purposes of this proceeding pursuant to Family Court Act § 661(a), the record supports a finding that the child is under the age of 21 (see Matter of Rosa Amanda L.R. v Carlos Arnoldo O.R., 189 AD3d 1250). Further, based upon our independent factual review, we find that the child's best interests would be served by the appointment of the mother as his guardian (see SCPA 1707[1]; see Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d at 857; Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d 913, 913; Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 654, 655; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689).
Pursuant to SCPA 1705(1)(a), "[u]pon presentation of the petition process shall issue . . . [t]o the . . . parents . . . if such persons are within the state and their residences therein are known." Nevertheless, even where, as here, a parent is not within the state and service upon that parent is not required pursuant to SCPA 1705(1)(a), the Family Court possesses discretion to issue [*3]process to any relative "domiciled in its county or elsewhere" (id. § 1705[3]; see Matter of Alonso R.L.V. [Berlin J.V.Y.—Misael L.V.], 147 AD3d at 1071). However, in this case, we find that the record supports dispensing with service on the father.
Further, as the record supports that the child is under the age of 21 and unmarried, and that the mother should have been appointed as the child's guardian, we find that the child is dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d at 913; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d at 688-689; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795-796). Additionally, based upon our independent factual review, the record supports a finding that reunification of the child with his father is not a viable option due to parental abandonment (see Matter of Rina M.G.C. [Oscar L.G.—Ana M.C.H.], 169 AD3d 1031, 1033; Matter of Enis A.C.M. [Blanca E.M.—Carlos V.C.P.], 152 AD3d 690, 692). Lastly, the record supports a finding that it would not be in the best interests of the child to return to Honduras, his previous country of nationality and last habitual residence (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1052).
We need not reach the mother's remaining contentions in light of our determination.
Accordingly, the Family Court should have granted the guardianship petition and the mother's motions to dispense with service on the father and for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court