Matter of Jose S. S. G. (Norma C. G. C.) (2023 NY Slip Op 03350)

Matter of Jose S. S. G. (Norma C. G. C.)

2023 NY Slip Op 03350

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2022-09155
2022-09156
2022-09157
2022-09158
 (Docket Nos. G-671-22, G-672-22)

[*1]In the Matter of Jose S. S. G. (Anonymous). Elmer W. G. G. (Anonymous), appellant; Norma C. G. C. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Kevin F. S. G. (Anonymous). Elmer W. G. G. (Anonymous), appellant; Norma C. G. C. (Anonymous), respondent. (Proceeding No. 2.)

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In related guardianship proceedings pursuant to Family Court Act article 6, the petitioner appeals from four orders of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), all dated October 24, 2022. The first order, after a hearing, dismissed the petition to appoint the petitioner as the guardian of the child Kevin F. S. G. The second order denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child Kevin F. S. G. to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). The third order, after a hearing, dismissed the petition to appoint the petitioner as the guardian of the child Jose S. S. G. The fourth order denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child Jose S. S. G. to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law and the facts, without costs or disbursements, the petitions to appoint the petitioner as guardian of the subject children are reinstated and granted, the petitioner is appointed as the guardian of the subject children, the petitioner's motions for the issuance of orders, inter alia, making specific findings so as to enable the subject children to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) are granted, it is declared that the subject children are dependent on a juvenile court, and it is found that the subject children are unmarried and under 21 years of age, that reunification with their father is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in their best interests to be returned to El Salvador, their previous country of nationality and last habitual residence.
In 2022, the petitioner commenced these proceedings pursuant to Family Court Act [*2]article 6 to be appointed the guardian of his two nephews, the child Kevin F. S. G., who allegedly was born in 2003 in El Salvador, and the child Jose S. S. G., who allegedly was born in 2005 in El Salvador. Thereafter, the petitioner moved for the issuance of orders, inter alia, making specific findings so as to enable the children to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Following a hearing, in four orders dated October 24, 2022, the Family Court dismissed the guardianship petitions and denied the motions. The petitioner appeals.
"[W]hen considering guardianship appointments, the infant's best interest is paramount" (Matter of Alamgir A., 81 AD3d 937, 938; see SCPA 1707[1]; Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d 856, 856). Contrary to the Family Court's determination, there is no express requirement to submit certified copies of birth certificates in a proceeding such as this pursuant to Family Court Act § 661(a) (see Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], ___ AD3d ___, 2023 NY Slip Op 02881 [2d Dept]). Likewise, there is no express requirement to submit certified copies of death certificates in a proceeding pursuant to Family Court Act § 661(a) (cf. id. § 661[b]; SCPA 1704[8][b]).
Here, for purposes of this proceeding pursuant to Family Court Act § 661(a), the record supports a finding that the children are under the age of 21 (see Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], ___ AD3d ___, 2023 NY Slip Op 02881; Matter of Rosa Amanda L.R. v Carlos Arnoldo O.R., 189 AD3d 1250). Further, based upon our independent factual review, we find that the children's best interests would be served by the appointment of the petitioner as their guardian (see SCPA 1707[1]; Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d at 856; Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d 913, 913; Matter of Silvia N.P.L. v Jorge M.N.P., 141 AD3d 654, 655; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689).
Further, the Family Court should have granted the petitioner's motions for the issuance of orders, inter alia, making the requisite specific findings so as to enable the children to petition for SIJS. "Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795; see Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d at 857-858). Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Elena G.R. v Oscar D.V.H., 212 AD3d 628, 628; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795), and that it would not be in the juvenile's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, the record supports a finding that the children are under the age of 21 and unmarried, and, since we have appointed the petitioner as the children's guardian, the children are dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d at 858; Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d at 913; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d at 688-689; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795-796). Further, based upon our independent factual review, the record supports a finding that the children's father is deceased, and therefore, reunification is not possible (see Matter of Luis R. v Maria Elena G., 120 AD3d 581, 582). Lastly, the record supports a finding that it would not be in the best interests of the children to return to El Salvador, their previous country of nationality or country of last habitual residence (see Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d at 913; Matter of Varinder S. v Satwinder S., 147 AD3d 854, 856; Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1052; Matter of Luis R. v Maria Elena G., 120 AD3d at 583).
We need not reach the petitioner's remaining contentions in light of our [*3]determination.
Accordingly, the Family Court should have granted the guardianship petitions and the petitioner's motions for the issuance of orders making the requisite declaration and specific findings so as to enable the children to petition for SIJS.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court