Matter of Jefferson D.O.M. (Maria T.M.S.)

2026 NY Slip Op 02983

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jefferson D. O. M. (Anonymous), also known as Jefferson J. A. M. (Anonymous), appellant. Maria T. M. S. (Anonymous), respondent-respondent, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2026-03450, 2026-03452, (Docket Nos. G-1591-26, G-1679-26)

Mark C. Dillon, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Twyla Carter, New York, NY (Adriene Holder and Janet Claire Lê of counsel), attorney for the child, the appellant.

Joan Iacono, Scarsdale, NY, for respondent-respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the subject child appeals from two orders of the Family Court, Richmond County (Peter F. DeLizzo, J.), both dated March 27, 2026. The first order, insofar as appealed from, dismissed, without a hearing, the petition to appoint the mother as guardian of the subject child. The second order denied, without a hearing, the subject child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).

ORDERED that the first order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the petition to appoint the mother as guardian of the subject child is reinstated and granted, and the mother is appointed as the guardian of the subject child; and it is further,

ORDERED that the second order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the subject child's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, it is declared that the subject child is dependent on a juvenile court, and it is found that the subject child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law, and that it would not be in the subject child's best interests to be returned to Honduras, his previous country of nationality and last habitual residence.

The subject child, Jefferson D. O. M., also known as Jefferson J. A. M., commenced this proceeding pursuant to Family Court Act article 6 to have his mother, Maria T. M. S. (hereinafter the mother), appointed as his guardian. The child subsequently moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States [*2]Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated March 27, 2026, the Family Court, among other things, without a hearing, dismissed the petition on the ground of "FACIALLY INSUFFICIENT" birth certificates submitted by the child. In a separate order dated March 27, 2026, the court denied the child's motion as "MOOT" in light of the dismissal of the petition. The child appeals from both orders.

"Although an application to USCIS for SIJS must be supported by '[d]ocumentary evidence of the [applicant's] age, in the form of a valid birth certificate, official government-issued identification, or other document that in USCIS' discretion establishes the [applicant's] age' (8 CFR 204.11[d][2]), in proceedings pursuant to Family Court Act § 661(a), the Family Court is only required to ascertain the juvenile's age, and there is no statutory requirement that a petitioner submit any particular evidence to establish the juvenile's age" (Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d 1167, 1169; see 8 CFR 204.11[d][2]; SCPA 1706[1]). Since there is no express requirement to submit a birth certificate in a proceeding such as this pursuant to Family Court Act § 661(a) (see Matter of Jose S.S.G. [Elmer W.G.G.—Norma C.G.C.], 217 AD3d 864, 865; Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d at 1169), and the child and the mother averred in their sworn affirmations that the child was under 21 years old, the Family Court erred by dismissing the petition based on discrepancies between copies of two birth certificates submitted by the child. Moreover, the mother attested that the Guatemalan birth certificate was the child's accurate certificate of birth.

"When considering guardianship appointments, the [child's] best interests [are] paramount" (Matter of Euceda v Romero, 233 AD3d 680, 682 [internal quotation marks omitted]; see Family Ct Act § 661[a]; SCPA 1707[1]). "[I]n determining whether it is in the best interests of a child to grant a guardianship petition, it is entirely consistent with the legislative aim of the SIJS statute to consider the plight the child would face if returned to his or her native country" (Matter of Marisol N.H., 115 AD3d 185, 191).

Here, based upon our independent review of the record, we find that the child's best interests would be served by the appointment of the mother as his guardian (see Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d at 1169; Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d 913, 914).

Furthermore, the Family Court should have granted the child's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition USCIS for SIJS. "Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d 1126, 1127 [internal quotation marks omitted]; see Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d at 1127 [internal quotation marks omitted]; see 8 USC § 1101[a][27][J]; 8 CFR 204.11).

Here, the record, including the sworn averments of the child and the mother, and the submission of the child's Guatemalan birth certificate, which the mother attested was the child's accurate certificate of birth, supports a finding that the child is under the age of 21 and unmarried (see Matter of Jose S.S.G. [Elmer W.G.G.—Norma C.G.C.], 217 AD3d at 866). Moreover, as the mother should have been appointed as the child's guardian, we find that the child is dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d at 1170; Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d at 913).

Further, based upon our independent factual review, we find that the record supports a finding that reunification of the child with his father is not a viable option due to parental abuse, neglect, abandonment, or a similar basis found under state law, since the father is deceased (see Matter of Jose S.S.G. [Elmer W.G.G.—Norma C.G.C.], 217 AD3d at 867; Matter of Denia M.E.C. v Carlos R.M.O., 161 AD3d 853, 855; Matter of Carlos A.M. v Maria T.M., 141 AD3d 526, 528).

In addition, the record supports a finding that it would not be in the best interests of the child to return to Honduras, his previous country of nationality and last habitual residence, as the child averred that he was subjected to a specific threat of violence in Honduras (see Matter of Grechel L.J., 167 AD3d 1011, 1013-1014; Matter of Argueta v Santos, 166 AD3d 608, 610; Matter of A.M.G. v Gladis A.G., 162 AD3d 768, 769). Moreover, the mother averred that her ex-boyfriend, who told her that he had killed someone in Honduras, threatened to go to Honduras and kill the child, whom the mother would not be able to protect if the child was returned to Honduras.

Accordingly, the Family Court should have granted the petition and the child's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.

DILLON, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court