Matter of Rosa M. M.-G. v Dimas A. (2021 NY Slip Op 03033)





Matter of Rosa M. M.-G. v Dimas A.


2021 NY Slip Op 03033


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-05141
 (Docket No. G-9184-19)

[*1]In the Matter of Rosa M. M.-G. (Anonymous), appellant, 
v
Dimas A. (Anonymous), respondent.


Jadeja-Cimone Law, P.C., Hempstead, NY (Alex N. Ortiz Castro of counsel), for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated July 13, 2020. The amended order, insofar as appealed from, without a hearing, in effect, denied those branches of the mother's motion which were pursuant to 8 USC § 1101(a)(27)(J) for specific findings that reunification of the subject child with his birth father is not viable due to parental abandonment, and that it would not be in the subject child's best interests to be returned to Nicaragua, his previous country of nationality and last habitual residence, as there is no one to care for him or protect him in that country, and thereupon, made specific findings that reunification with the father is not viable as there was no male listed on the child's birth certificate, and that it would not be in the best interests of the child to be returned to Nicaragua, his previous country of nationality and last habitual residence, because the mother resides in the United States of America.
ORDERED that on the Court's own motion, the notice of appeal from an order dated May 15, 2020, is deemed to be a premature notice of appeal from the amended order dated July 13, 2020 (see CPLR 5520[c]); and it is further,
ORDERED that the amended order dated July 13, 2020, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, those branches of the mother's motion which were pursuant to 8 USC § 1101(a)(27)(J) for specific findings that reunification of the subject child with his birth father is not viable due to parental abandonment, and that it would not be in the subject child's best interests to be returned to Nicaragua, his previous country of nationality and last habitual residence, as there is no one to care for him or protect him in that country are granted, and it is found that reunification of the subject child with his birth father, Dimas A., is not viable due to parental abandonment, because the birth father abandoned the child by failing to ever provide him with any care or financial support, and that it would not be in the subject child's best interests to be returned to Nicaragua, his previous country of nationality and last habitual residence, as there is no one to care for him or protect him in that country.
The mother commenced this proceeding to be appointed guardian of the subject child and moved for the issuance of an order making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The Family Court granted the mother's petition for guardianship and issued an amended order making specific findings, inter alia, that [*2]reunification with the father is not viable as there was no male listed on the child's birth certificate, and that it would not be in the best interests of the child to be returned to Nicaragua, his previous country of nationality and last habitual residence, because the mother resides in the United States of America. On appeal, the mother contends that the Family Court erred in failing to make specific findings that reunification with the father was not viable due to parental abandonment, and that it would not be in the best interests of the child to be returned to Nicaragua as there is no one to care for him or protect him in that country.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, among other things, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
The Family Court erred in failing to make the specific finding that reunification with the father is not viable due to abandonment. Based upon our independent factual review, the record supports the requisite finding that reunification with the child's father is not viable due to parental abandonment (see Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d 913; Matter of Rina M.G.C. [Oscar L.G.—Ana M.C.H.], 169 AD3d 1031, 1033). The record demonstrates that even though the child's father knew where he lived, the father never visited him. The child has never met his father, his father has never supported him and has never sent gifts or cards, and his father's whereabouts are unknown.
Moreover, the record supports a finding that it would not be in the best interests of the child to be returned to Nicaragua, his previous country of nationality and last habitual residence, as there is no one to care for him or protect him in that country (see Matter of Mardin A.M.-I. [Reyna E.M.-I.—Mardin H.], 187 AD3d 913; Matter of Varinder S. v Satwinder S., 147 AD3d 854, 856). The record reflects that it would not be in the child's best interests to return to Nicaragua as he would be separated from his mother who has consistently cared for and supported him. In Nicaragua, there is no one who can care for him or support him; as previously set forth, his father has abandoned him. The child's maternal grandparents, with whom he lived after his mother left Nicaragua, are elderly and began to struggle to care for him and protect him. Moreover, the child faces harm from gang violence in Nicaragua, having been threatened by gang members and been kidnapped by them once for approximately eight days.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court