Matter of Jose F. M. P. (Francisco D. M. G.) (2022 NY Slip Op 02414)

Matter of Jose F. M. P. (Francisco D. M. G.)

2022 NY Slip Op 02414

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-07995
 (Docket No. G-1963-21)

[*1]In the Matter of Jose F. M. P. (Anonymous), appellant. Francisco D. M. G. (Anonymous), et al., respondents.

The Door's Legal Services Center, New York, NY (Svitlana Kobtseva of counsel), for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, Jose F. M. P., a child, appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated September 20, 2021. The order, insofar as appealed from, after a hearing, in effect, denied those branches of the child's motion which were pursuant to 8 USC § 1101(a)(27)(J) for specific findings that reunification of the child with his father is not viable due to parental neglect, and that it would not be in the child's best interests to be returned to Guatemala, his country of nationality, as he does not have a viable caregiver in that country.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and those branches of the child's motion which were pursuant to 8 USC § 1101(a)(27)(J) for specific findings that reunification of the child with his father is not viable due to parental neglect, and that it would not be in the child's best interests to be returned to Guatemala, his country of nationality, as he has no viable caregiver in that country, are granted, and it is found that reunification of the child with his father is not viable due to parental neglect, and that it would not be in the child's best interests to be returned to Guatemala, his country of nationality and last habitual residence, as he has no viable caregiver in that country.
In March 2021, Jose F. M. P., then 17 years old (hereinafter the child), commenced this proceeding to have his sister appointed his guardian. The child thereafter moved for the issuance of an order making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). As is relevant to this appeal, in an order dated September 20, 2021, the Family Court, after a hearing, in effect, denied those branches of the child's motion which were for specific findings, inter alia, that reunification with his father is not viable due to parental neglect, and that it would not be in the best interests of the child to be returned Guatemala, his country of nationality and last habitual residence, because he would have no viable caregiver.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, among other things, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of [*2]Rosa M.M.-G. v Dimas A., 194 AD3d 813), and that it would not be in the child's best interests to be returned to his or her country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]).
The Family Court should have granted that branch of the child's motion which was for a specific finding that reunification with his father is not viable due to parental neglect. Based upon our independent factual review, the record demonstrates that the child's father physically and emotionally mistreated the child, and prevented him from attending school for more than one year and on other occasions without a reasonable justification, and that the child's mother failed to protect him from such mistreatment. Thus, the record supports the requisite finding that reunification with the child's father is not viable due to parental neglect (see Matter of Victor R.C.O. [Canales], 172 AD3d 1071, 1072; Matter of Axel S.D.C. v Alena A.C., 139 AD3d 1050, 1052).
The record also supports a finding that it would not be in the best interests of the child to be returned to Guatemala, his country of nationality and last habitual residence, as he would have no viable caregiver in that country (see Matter of Norma U. v Herman T.R.F., 169 AD3d 1055, 1057).
Accordingly, we reverse the order insofar as appealed from and grant those branches of the child's motion which were pursuant to 8 USC § 1101(a)(27)(J) for specific findings that reunification of the child with his father is not viable due to parental neglect and that it is not in the best interests of the child to be returned to Guatamala.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court