Matter of Yordani M. V. Y. (Sulma M. V. Y.--Jorge M. P. L.) (2024 NY Slip Op 05106)

Matter of Yordani M. V. Y. (Sulma M. V. Y.--Jorge M. P. L.)

2024 NY Slip Op 05106

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-10970
 (Docket No. G-4387-22)

[*1]In the Matter of Yordani M.. Y. (Anonymous). Sulma M. V. Y. (Anonymous), appellant; Jorge M. P. L. (Anonymous), respondent.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Lauren Lerner, Ct. Atty. Ref.), dated November 2, 2023. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that it would not be in the subject child's best interests to be returned to Guatemala, his previous country of nationality and last habitual residence.
The petitioner commenced this proceeding pursuant to Family Court Act article 6 seeking to be appointed the guardian of the subject child, her son, and subsequently moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizen and Immigration Services for special immigration juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The Family Court, after a hearing, granted the guardianship petition, but in an order dated November 2, 2023, the court denied the petitioner's motion for the issuance of an order, inter alia, making specific findings, concluding that, although the child was under 21 years of age, unmarried, dependent on the Family Court, and reunification with the father was not viable due to abandonment, the evidence did not demonstrate that it would not be in the child's best interests to return to his previous country of nationality and last habitual residence, Guatemala. The petitioner appeals.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795; see Matter of Jose F.M.P. [Francisco D.M.G.], 204 AD3d 801, 802). "Additionally, for a juvenile to qualify for [SIJS], a court must find [*2]that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest[s] to be returned to his or her native country or country of last habitual residence" (Matter of Eddy A.P.C. [Maria G.C.S.], 226 AD3d 1005, 1006 [internal quotation marks omitted]; see Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 753).
Here, based upon our independent factual review, we conclude that the record supports a finding that it would not be in the best interests of the child to be returned to Guatemala, his previous country of nationality and last habitual residence (see Matter of Jose F.M.P. [Francisco D.M.G.], 204 AD3d at 802-803; Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 754). Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for SIJS.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court