Matter of Nuria D. Z. P. (Jose D. Z. M.)
2026 NY Slip Op 03314
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Nuria D. Z. P. (Anonymous). Jose D. Z. M. (Anonymous), appellant; Maria C. P. R. (Anonymous), respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2025-07384, (Docket No. G-2322-25)
Betsy Barros, J.P.
Valerie Brathwaite Nelson
Laurence L. Love
Susan Quirk, JJ.

Bruno J. Bembi, Hempstead, NY, for appellant.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Segal Blakeman, J.), dated May 14, 2025. The order denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with her mother is not viable due to parental abandonment and that it would not be in the best interest of the subject child to return to El Salvador, her previous country of nationality and last habitual residence.
In March 2025, the petitioner, the subject child's father, filed a petition pursuant to Family Court Act article 6 to be appointed guardian of the child. The petitioner also moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The Family Court, after a hearing, granted the guardianship petition, but in an order dated May 14, 2025, denied the motion to issue an order, inter alia, making specific findings so as to enable the child to petition for SIJS pursuant to 8 USC § 1107(a)(27)(J). The petitioner appeals.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a [person not a citizen or national of the United States] who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Nery F.Z.V. [Ezequiel Z.G.—Maria E.V.M.], 233 AD3d 883, 883 [internal quotation marks omitted]). "Additionally, for a juvenile to qualify for special immigrant status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (id. at 884 [internal [*2]quotation marks omitted]; see 8 USC § 1101[a][27][J]; 8 CFR 204.11).
In reviewing a court's determination of a motion for specific findings, this Court's power to review the evidence is as broad as that of the hearing court, and where the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d 1126, 1127; Matter of Claudio D.A.I. [Segundo A.—Maria D.I.L.], 225 AD3d 688, 689). Here, based upon our independent factual review, the record supports a finding that reunification of the child with her mother is not viable due to parental abandonment (see Matter of Saul E.M.L. v Edmundo M.M., 244 AD3d at 1127; Matter of Claudio D.A.I. [Segundo A.—Maria D.I.L.], 225 AD3d at 689; Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753-754). Further, the record supports a finding that it would not be in the best interest of the child to return to El Salvador, her previous country of nationality and country of last habitual residence (see Matter of Euceda v Romero, 233 AD3d 680, 682; Matter of Rosa M.M.-G. v Dimas A., 194 AD3d 813, 815; Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 754).
Accordingly, the Family Court should have granted the motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for SIJS pursuant to 8 USC § 1107(a)(27)(J).
BARROS, J.P., BRATHWAITE NELSON, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court