Matter of Juarez (2026 NY Slip Op 01686)

Matter of Juarez

2026 NY Slip Op 01686

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

251.1 CA 25-01272

[*1]IN THE MATTER OF ANDERSON ENRIQUE VASQUEZ JUAREZ, APPELLANT. 

SELENDY GAY PLLC, NEW YORK CITY (SYLVIA WOODMANSEE OF COUNSEL), AND CORNELL FARMWORKER LEGAL ASSISTANCE CLINIC, CORNELL LAW SCHOOL, ITHACA, FOR APPELLANT. 

 Appeal from an order of the Surrogate's Court, Herkimer County (John H. Crandall, S.), entered June 2, 2025. The order denied the motion of appellant for special findings. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the facts without costs, the motion is granted, and it is found that the subject child has been legally committed to, or placed under the custody of, an individual appointed by a juvenile court located in the United States, is physically present in the United States, is under 21 years of age, and is unmarried; that the subject child's reunification with his parents is not viable due to parental neglect; and that it would not be in the subject child's best interests to return to Guatemala, his previous country of nationality and last habitual residence.
Memorandum: In January 2025, the subject child filed a petition pursuant to Surrogate's Court Procedure Act article 17 to appoint his older brother as his guardian for the purpose of, inter alia, obtaining an order making special findings to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (SIJS) pursuant to 8 USC § 1101 (a) (27) (J). The child simultaneously moved for the issuance of an order making special findings that, among other things, the child's reunification with his parents is not viable due to parental neglect, abandonment, or abuse, and it would not be in his best interests to be returned to Guatemala, his previous country of nationality and last habitual residence. Although Surrogate's Court granted the guardianship petition, following a subsequent hearing, the Surrogate issued the order on appeal denying the child's motion for an order making the requisite declaration and special findings on the basis that the child presented "no credible testimony . . . of abuse, abandonment or neglect or that reunification with one or both of his parents is not viable." The child appeals, and we reverse.
As relevant here, pursuant to 8 USC § 1101 (a) (27) (J) and 8 CFR 204.11, a "special immigrant" is "a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753 [2d Dept 2021] [internal quotation marks omitted]; see Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2d Dept 2010]). "Additionally, for a juvenile to qualify for [SIJS], a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to [their] native country or country of last habitual residence" (Briceyda M.A.X., 190 AD3d at 753 [internal quotation marks omitted]; see 8 USC § 1101 [a] [27] [J] [i], [ii]; 8 CFR 204.11 [c]; Matter of Eddy A.P.C. [Maria G.C.S.], 226 AD3d 1005, 1006 [2d Dept 2024]).
"While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the . . . [c]ourt's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Eddy A.P.C., 226 AD3d at 1006-1007 [internal quotation marks omitted]; see Matter of Norma U. v Herman T.R.F., 169 AD3d 1055, 1056-1057 [2d Dept 2019]). Here, the evidence established that the child is under the age of 21, unmarried, and a resident alien [*2]physically present in the United States and, inasmuch as the Surrogate appointed the child's brother as his guardian, the child has been legally committed to or placed under the custody of an individual appointed by a juvenile court located in the United States within the meaning of 8 USC § 1101 (a) (27) (J) (i) (see Matter of Fatima J.A.J. [Ana A.J.S.—Carlos E.A.F.], 137 AD3d 912, 913-914 [2d Dept 2016]; see also Eddy A.P.C., 226 AD3d at 1007; Matter of Jose E.S.G. [Meija—Salguero], 193 AD3d 856, 858 [2d Dept 2021]; Matter of Jose YY., 158 AD3d 200, 201 [3d Dept 2018]).
We further find, contrary to the Surrogate's conclusion, that the testimony at the hearing was credible and persuasive with respect to the viability of the child's reunification with his parents and whether his best interests would be served by returning to Guatemala. Specifically, based upon our independent review of the record, we conclude that reunification of the child with his parents is not viable due to parental neglect (see generally Family Ct Act § 1012 [f] [i]). The record demonstrates that the child's parents did not provide the child with medical care, even after he sustained a serious injury (see Matter of Sara D. v Lassina D., 206 AD3d 553, 553-554 [1st Dept 2022]; Matter of Victor R.C.O. [Canales], 172 AD3d 1071, 1072 [2d Dept 2019]), encouraged the child to drop out of school and work on the family farm at the age of 15 (see Matter of Gurwinder S., 155 AD3d 959, 961 [2d Dept 2017]; Matter of Palwinder K. v Kuldeep K., 148 AD3d 1149, 1151 [2d Dept 2017]), failed to protect the child from gang violence in Guatemala (see Eddy A.P.C., 226 AD3d at 1007; Victor R.C.O., 172 AD3d at 1072; Matter of Nelson A. G.-L. [Maria Y.G.S.], 157 AD3d 789, 791 [2d Dept 2018]), and failed to provide financial support for the child following his arrival in the United States (see Sara D., 206 AD3d at 553-554). Further, the foregoing facts support a finding that it would not be in the best interests of the child to return to Guatemala, his previous country of nationality and country of last habitual residence (see Eddy A.P.C., 226 AD3d at 1007; Briceyda M.A.X., 190 AD3d at 754; Victor R.C.O., 172 AD3d at 1072).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court